### APPEAL OF NEW MARTINSVILLE GLASS MFG. CO.

Docket No. 3906.   Submitted July 14, 1925.   Decided November 11, 1925.

Deficiency to be computed in accordance with admission in the Commissioner's answer.

*Robert F. McClure*, *C. P. A.*, for the taxpayer.
*Ellis W. Manning*, *Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income and excess profits taxes for the fiscal years ended June 30, 1918, and June 30, 1920, in the amount of $5,912.27. The Commissioner's answer admitted an error in inventory adjustment for 1918, and further averred that in computing the deficiency the taxpayer's invested capital had been overstated by $12,330.29 for the fiscal year 1918 and $38,860.28 for the fiscal year 1920. No competent evidence was offered by either party to support the allegations in their pleadings.

After the commencement of the hearing the taxpayer moved for a continuance and the Commissioner moved to dismiss the appeal under Rule 18 for nonprosecution.

### FINDINGS OF FACT.

The taxpayer is a West Virginia corporation with its principal place of business at New Martinsville.

In computing net income for the fiscal year 1918, because of inventory adjustments, the Commissioner reduced the taxpayer's net

income for that year in.the amount of $12,330.29, and now concedes that the net income for that year should be reduced by $26,529.99 instead of the foregoing amount.

### DECISION.

### OPINION.

MARQUETTE: The motion of the taxpayer for a continuance and the motion of the Commissioner to dismiss for nonprosecution under Rule 18 are each denied. The Commissioner's answer has admitted that, because of inventory adjustments, the taxpayer's net income for the fiscal year 1918 should be reduced by $26,529.99 instead of by $12,330.29, as used in computing the deficiency.

Neither party has adduced any competent evidence in support of the issues raised by their respective pleadings. With the exception of the above adjustment, the determination of the Commissioner must be approved.